UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: | ) |
| | ) |
| SUBPOENA TO MAINE DEPARTMENT | )   1:07-mc-62 |
| OF INLAND FISHERIES AND | ) |
| WILDLIFE | ) |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENA**

On December 3, 2007, the Maine Attorney General moved to quash the subpoena in the matter of *United States v. Daren Clark*, Case Number 04-44-B-W (Docket # 1). The subpoena commanded the Department of Inland Fisheries and Wildlife (Department) to appear on December 4, 2007, and produce the complete personnel file of Mark Merrifield of the Maine Warden Service. On December 18, 2007, the Court ordered the Department to produce for *in camera* inspection those portions of the personnel file it considered relevant along with an itemized list outlining those portions of the personnel file that it determined were not relevant. (Docket # 6).

Having completed the *in camera* review, the Court now GRANTS in part the motion to quash (Docket # 1). The central issue is whether the personnel file contains evidence that is "potentially useful in impeaching government witnesses." *United States v. Misla-Aldarondo*, 478 F.3d 52, 63 (1st Cir. 2007) (citing *Giglio v. United States*, 405 U.S. 150, 153-54 (1972)); *see Brady v. Maryland*, 373 U.S. 83 (1963). Here, Warden Merrifield's personnel file contains two areas of potentially material information: (1) the facts reflected in the personnel file underlying the Memorandum of Agreement entered into in late August and early September 2007 among the Department, the Maine State Law Enforcement Association, and Warden Merrifield; and, (2) those portions of the personnel file which state or imply that Warden Merrifield's job

performance has been measured in part by the number of incidents he has investigated, the number of individuals he has arrested, and the number of successful prosecutions he initiates. Based on its review of this material in the personnel file, the Court concludes that those portions of Warden Merrifield's personnel file are discoverable.

The Court has made no determination as to whether the information contained in the released material would be admissible at trial; the Court's determination is solely that the constitutional imperative under the Confrontation Clause for discovery purposes exceeds Warden Merrifield's rights of privacy under 5 M.R.S.A. § 7070.

The Department need not produce those portions of the personnel file not submitted for review. In addition, pages 61-141 of the documents submitted for review contain irrelevant information, and need not be produced.[1] Regarding the remainder of the records supplied to the Court, pages 1-59 and 149-534, the motion to quash is DENIED; those documents are to be released to the defendant. The Department retains the right to redact personal data identifiers from those documents.[2] Those documents – as redacted – are to be released to the defendant no later than 5:00 p.m., January 2, 2008.

The Court further ORDERS that the personnel documents may be released to the defendant's counsel only and may be shown, but may not be released, to the defendant. The Court ORDERS there shall be no further release of the released portions of the personnel file of Warden Merrifield absent an express Order of this Court.

---

[1] The records provided to the Court for review contained gaps between page numbers.

[2] The purpose of this allowance is to permit the Department to remove strictly personal information from the personnel record, such as a home address or social security number. Relevant information – other than personal identifiers – may not to be redacted.

SO ORDERED.

                                                    /s/ John A. Woodcock, Jr.
                                                    JOHN A. WOODCOCK, JR.
                                                    UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2007